**Miss Margie Delores COLBERT**

v.

**H–K CORPORATION, Inc.**

**Civ. A. No. 11599.**

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 12, 1968.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Jack Greenberg, Leroy Clark, New York City, for plaintiff.

Cleburne E. Gregory, Jr., Jonathan Golden, Arnall, Golden & Gregory, Atlanta, Ga., for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS OR STRIKE

SIDNEY O. SMITH, Jr., Chief Judge.

This is a class action wherein plaintiff seeks injunctive relief as against defendant for alleged racial discrimination in employment. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e et seq. The above named plaintiff also asks for money damages for this alleged discrimination.

Defendant moves to dismiss on the grounds: (1) this action was not brought within 90 days after the charge was filed with EEOC and (2) the alleged acts were not under color of any statute, regulation, or custom of any state, within the requirements of 42 U. S.C. § 1981. In the alternative defendant moves that certain allegations in the complaint be stricken because: (1) 42 U.S.C. § 1981 is not a proper basis for this suit; (2) this is not a proper case for a class action: (a) the complaint does not identify or describe an appropriate class within the requirements of Rule 23(a), F.R.C.P.; (b) the members of the alleged class other than plaintiff have not filed charges with the EEOC; (c) plaintiff cannot properly represent the employees of defendant because she has not been an employee of defendant;

(3) injunctive relief is not proper in this case because the alleged discriminatory practices, if they in fact existed, have been terminated.

■ This Court rejects defendant's contention that this action had to be brought within 90 days after the charge was filed with the EEOC. Although there is disagreement as to whether actual conciliation efforts are a jurisdictional prerequisite to a suit of this nature, there is little disagreement as to whether an action must be brought within 90 days after the charge is filed with the EEOC. Only two cases support the view supported by defendant. See Miller v. International Paper Co., 290 F.Supp. 401 (Nov. 9, 1967, S.D.Miss.) (this decision by Judge Cox is now before the Fifth Circuit, Case No. 25,-616); Cunningham v. Litton Industries, 56 L.C. § 9078 (September, 1967, C.D. Calif.). The weight of authority is to the contrary. See e. g., Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D. La.1967) (actual conciliation efforts not necessary); Dent v. St. Louis-San Francisco Ry. Co., 265 F.Supp. 56 (N.D.Ala. 1967) (actual conciliation efforts are necessary). These cases agree that the "60 day" requirement is to be given a directory rather than a mandatory interpretation and that the bringing of the suit within 30 days of receiving the suit letter is the crucial requirement. The letter received by this plaintiff recites "that conciliation efforts in the above matter have failed to achieve voluntary compliance." Accordingly, it is not necessary to reach the question on which *Dent* and *Mondy* differ.

■■ The Court cannot agree with plaintiff's position that this complaint states a cause of action under 42 U.S.C. § 1981. The action complained of was not done under color of state law. See Lucom v. Atlantic National Bank of West Palm Beach, Florida, 354 F.2d 51 at 55 (5th Cir. 1965). However, the applicability of 42 U.S.C. § 1981 is not essential to this Court's jurisdiction nor to plaintiff's cause of action.

■ Serious questions are posed by defendant's contentions that this is not a proper case for a class action. In a case of this nature, it is not necessary that all members of the class file charges with the EEOC. See, e. g., John Martin Oatis v. Crown Zellerbach Corp., 398 F. 2d 496 (5th Circuit, 1968, before Circuit Judges Bell, Ainsworth and Godbold.) See Newman v. Piggie Park Enterprise, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (suit under Title II of the Civil Rights Act of 1964). However, a class action is permissible only within certain limits: (1) the class action must meet the requirements of Rule 23(a) and (b) (2); (2) the issues raised by plaintiff must be those issues 'that he has standing to raise and must be those issues related to the charge filed with the EEOC. Moreover, the members of the class, as opposed to the representative of the class who has filed a complaint with the EEOC, must proceed within the periphery of the issues which the plaintiff could assert. See Oatis v. Crown, supra. Thus, it is clear that this plaintiff cannot represent the 20 Negro employees of defendant who are allegedly discriminated against in terms of job promotion and job classification. Moreover, only that aspect of the case dealing with the question of discriminatory practices in hiring and seeking injunctive relief supports a class action. Plaintiff does not attempt to bring the aspects of the case dealing with individual redress for the past acts of discrimination in hiring within the purview of the "class action" aspects of the case. See, e. g., Hall v. Werthan Bag Corp., 251 F.Supp. 184, 187–188 (M.D.Tenn. 1966).

■ Defendant's final argument can not properly be resolved on a motion to dismiss or a motion to strike. The question of whether injunctive relief is appropriate must be resolved after the trial of this case.

Accordingly, the motion to dismiss is granted in part and denied in part, leaving a class action under 42 U.S.C. § 2000 e et seq. as to the specified charges before the court.

It is so ordered.