Emmett J. STEBBINS, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellees.

Emmett J. STEBBINS, Appellant,

v.

NATIONWIDE MUTUAL IINSURANCE COMPANY et al., Appellees.

Emmett J. STEBBINS, Appellant,

v.

KEYSTONE INSURANCE COMPANY et al., Appellees.

Nos. 22580, 22581, 22595.

United States Court of Appeals District of Columbia Circuit.

Argued May 1, 1969.

Decided May 20, 1969.
Certiorari Denied Oct. 27, 1969.
See 90 S.Ct. 194.

8. *Cf.* Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 278–281, 89 S.Ct. 518, 21 L.Ed.2d 474.

Mr. Emmett J. Stebbins, appellant pro se, with whom Mr. George D. Gates, Washington, D. C., was on the brief, for appellant.

Mr. Larry M. Wolf, Baltimore, Md., with whom Messrs. Earle K. Shawe, Baltimore, Md., and Robert E. Anderson, Washington, D. C., were on the brief, for appellees in No. 22,580.

Mr. Joseph M. Roulhac, Baltimore, Md., of the bar of the Court of Appeals of Maryland, pro hac vice, by special leave of court, with whom Mr. Allan C. Swingle, Washington, D. C., was on the brief, for appellees in No. 22,581.

Mr. Francis J. Ford, Washington, D. C., with whom Mr. James F. Bromley, Washington, D. C., was on the brief, for appellees in No. 22,595.

Miss Marian Halley, Atty., Equal Employment Opportunity Commission, of

the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Russell Specter, Asst. Gen. Counsel, Equal Employment Opportunity Commission, was on the brief, for the Equal Employment Opportunity Commission as amicus curiae.

Before WRIGHT, McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

The appeals in these three employment discrimination cases present slightly different points. In the interest of clarity, we have decided to treat each appeal separately.

### No. 22,580

On February 7, 1966, State Farm Mutual Automobile Insurance Company denied Stebbins' application for employment as a claims adjuster. His charge of employment discrimination subsequently filed with the Equal Employment Opportunity Commission [1] was dismissed on September 29, 1967. On April 17, 1968, the Commission sent Stebbins his "notice of right to sue" [2] and on May 6, 1968, Stebbins filed this suit in the District Court against State Farm Mutual, charging that it had discriminated against him in employment in violation of Section 703(a) [3] of Title VII of the Civil Rights Act of 1964.

In the District Court, State Farm Mutual moved to dismiss on two grounds:

(1) *res judicata*, and (2) the statute of limitations. The District Court rejected the *res judicata* ground, but granted the motion to dismiss, holding that the action was not timely filed under 42 U.S. C. § 2000e-5(e)(1964). While rejecting the District Court's reasons,[4] we affirm its judgment.

---

1. *See* 42 U.S.C. § 2000e-5(a) (1964).

2. *See* 42 U.S.C. § 2000e-5(e) (1964).

3. 42 U.S.C. § 2000e-2(a) (1964).

4. *See* Cox v. United States Gypsum Co., 7 Cir., 409 F.2d 289 (1969) ; Miller v. International Paper Co., 5 Cir., 408 F.2d

283 (1969) ; Choate v. Caterpillar Tractor Co., 7 Cir., 402 F.2d 357 (1968) ; Antonopulos v. Aerojet-General Corp., E.D.Cal., 295 F.Supp. 1390 (1968) ; Kendrick v. American Bakery Co., N.D. Ga., F.Supp., 58 Lab.Cas. ¶ 9146 (No. 11490, July 29, 1968) ; Peurala v.

As the District Court recognized, this is the second suit brought by Stebbins against State Farm Mutual on the identical issues presented here. The first suit was dismissed by the District Court on Stebbins' refusal to comply with its orders relating to the taking of his deposition. *See* Rule 37(d), Fed.R.Civ.P. We denied Stebbins' appeal from the dismissal as frivolous, suggesting that he apply to the District Court for an order vacating the dismissal. He so moved, but the District Court for good cause [5] denied the motion. His second appeal to this court in that case was dismissed, and his petition to the Supreme Court for a writ of *certiorari* was denied.

█ The application of the principle of *res judicata* here is obvious unless appellant can show that the dismissal of his prior suit in the District Court was not on the merits. It is true that the dismissal order did not so state. Nevertheless, since it did not specify otherwise, the dismissal was an involuntary one under Rule 41(b), Fed.R.Civ.P., which provides that such a dismissal (for failure to comply with an order of the court) "operates as an adjudication upon the merits."

### No. 22,595

This is a companion case to No. 22,580. On a slightly different set of facts it raises the same issues on appeal against a different insurer, Keystone Insurance Company. Here again, Stebbins' prior suit on identical facts against the same insurer was dismissed because of his "intentional, wilful and contemp-

tuous" failure to comply with the orders of the District Court. The District Judge in the present case granted the motion to dismiss on the ground of *res judicata*. We affirm on that ground for the reasons stated in No. 22,580.

### No. 22,581

█ On this appeal the only issue is whether Stebbins' employment discrimination suit against appellees Nationwide Mutual Insurance Company *et al.* was properly dismissed on venue grounds. We agree that it was.

Section 706(f) [6] of the Act provides four judicial districts in which employment discrimination suits may be filed. On the facts of this case the District of Columbia is not one of them. Stebbins apparently concedes that the District of Columbia does not satisfy the venue requirements of Section 706(f). He relies instead on the general venue statute, 28 U.S.C. § 1391(c) (Supp. IV 1965–1968), alleging that Nationwide is licensed to do and doing business in the District.

█ The venue of the right of action here in suit was limited by the statute which created the right. Section 706(f) first states three judicial districts [7] in which the employment discrimination action may be brought and then provides a fourth: "[B]ut if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." Thus the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear. Only where the putative employer cannot be brought

United States Steel Corp., N.D.Ill., F.Supp. 58 Lab.Cas. ¶ 9135 No. 68 C 3–5, June 5, 1968) ; Mondy v. Crown Zellerbach Corp., E.D.La., 271 F.Supp. 258 (1967) ; Dent v. St. Louis-San Francisco R. Co., N.D.Ala., 265 F.Supp. 56 (1967), reversed on other grounds, 5 Cir., 406 F.2d 399 (1969).

5. The District Court found that appellant's "failure * * * to abide by and comply with the Court's Orders was in no wise due to ignorance or lack of understanding

but * * * his failure to abide by the Orders was intentional, wilful and contemptuous of the Court * * *."

6. 42 U.S.C. § 2000e-5(f) (1964).

7. They are: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the plaintiff would have worked but for the alleged unlawful employment practice"; and (3) where "the employment records relevant to such practice are maintained and administered." 42 U.S.C. § 2000e-5(f).

before the court in one of those districts may the action be filed in the judicial district in which he has "his principal office." And even this "principal office" language is significantly more restrictive than the "any judicial district in which it is incorporated or licensed to do business or is doing business" language of the general venue statute. 28 U.S.C. § 1391(c). *See* Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957).

Affirmed.