**Miss Margie Delores COLBERT,
Plaintiff-Appellant,**

v.

**H–K CORPORATION, Inc., Defendant-
Appellee.**

**No. 30497.**

United States Court of Appeals,
Fifth Circuit.

June 16, 1971.

Rehearing Denied July 8, 1971.

Bootle, District Judge, dissented
and filed opinion.

Howard Moore, Jr., Peter E. Rind-
skopf, Atlanta, Ga., Jack Greenberg,
William L. Robinson, Sylvia Drew, New
York City, for plaintiff-appellant.

C. E. Gregory, Jr., Alex Cocalis, Atlan-
ta, Ga., Michael C. Towers, Arnall, Gold-
en & Gregory, Atlanta, Ga., for defend-
ant-appellee.

Stanley P. Hebert, Gen. Counsel, Ju-
lia P. Cooper, Charles L. Reischel,
Attys., Washington, D. C., John de. J.
Pemberton, Jr., Deputy Gen. Counsel,
Equal Employment Opportunity Commis-
sion, Washington, D. C., amicus curiae.

Before THORNBERRY and GOD-
BOLD, Circuit Judges, and BOOTLE,
District Judge.

PER CURIAM:

Margie Delores Colbert, plaintiff-ap-
pellant, a Negro female, applied for the
position of secretary with H–K Corpora-
tion, defendant-appellee. After per-
forming unsatisfactorily on the dictation
and typing examination for the secre-
tarial position, she was invited by the
Company's personnel manager to apply
for certain clerical positions. To qualify
for the positions, she was required to
make a certain score on two tests, the
Otis Self-Administering Test of Mental
Ability, and the 16 Personality Factor
Test. Because her performance on the
tests did not meet H–K's standard, she
was not hired. Subsequently the Com-
pany filled a clerical position with a
white applicant who had not been tested.

Miss Colbert filed suit in district
court, alleging that (1) the pre-employ-
ment tests to which she was subjected
are neither job-related nor professional-
ly-developed ability tests and thus do not
comply with the standards embodied in
Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e–2(h); and (2) she
was denied employment by H–K by rea-
son of her race or color in violation of
Title VII, 42 U.S.C. § 2000e–2(a) (1).
The district court determined that the
tests had been professionally developed
within the meaning of Title VII and
were reasonably related to the jobs for
which Miss Colbert applied. In addi-
tion, the court determined that the Com-
pany's denial of employment to Miss
Colbert was not racially motivated.

The district court's decision, 295 F. Supp. 1091, was rendered prior to the Supreme Court's decision in Griggs v. Duke Power Company, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158, wherein the standards governing an employer's use of testing and measuring procedures for employment purposes were articulated. The judgment herein must be vacated and the cause remanded to the district court for further consideration in light of Griggs v. Duke Power Company, *supra*.

Vacated and remanded.

BOOTLE, District Judge (dissenting):

Convinced that the judgment appealed from should be affirmed and seeing no necessity for remand, I must respectfully dissent. The lower court, after an extensive trial, found as a fact that the Company's denial of employment to Miss Colbert was not racially motivated. Certainly that finding cannot be termed clearly erroneous. The trial court further "concluded that the tests in question [the Otis Self-Administering Test of Mental Ability and the 16 Personality Factor Test] are professionally developed within the meaning of the statute and, if required by law, are reasonably related to performance in the jobs sought to be filled by plaintiff." The latter conclusion is a finding of fact and cannot be said to be clearly erroneous. It is supported by the testimony of a qualified clinical psychologist. Said tests so found to be professionally developed and job-related satisfy all requirements of the statute and EEOC's construction of the statute as requiring job-relatedness. They measure up also to the permissible standards governing an employer's use of testing insofar as such standards are articulated in Griggs v. Duke Power Company, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). While general intelligence and personality tests may be somewhat suspect with respect to essentially manual jobs less demanding in mental attainments, as were the positions involved in *Griggs*,

they may be highly desirable with respect to office, sales, technical or professional jobs in that the general intelligence tests disclose how intelligent a person is, how well he thinks abstractly, how well he can do mathematical calculations, how well he uses the English language, how quickly he learns, how much responsibility he can assume, and how acute his insight is, and in that the personality tests, such as the one used here, produce a personality profile disclosing generally, among other things, the percentage of his anxiety level, his extroversion or introversion, his capacity for self-control, his accident proneness, his capacity to grow in a new job, his capacity for interpersonal contacts, his creativity or leadership potential, his aptitude for precision workmanship, and his general freedom from pathology, as well as his capacity to learn.