**Emmett J. STEBBINS, Appellant,**

**v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellees.**

**No. 72–1061.**

United States Court of Appeals, Fourth Circuit.

Nov. 8, 1972.

William A. Carey, Gen. Counsel, John de J. Pemberton, Deputy Gen. Counsel, Julia P. Cooper, Chief, Appellate Section, and Gerald R. Lopez, Atty., E.E. O.C., on brief, for amicus curiae, Equal Employment Opportunity Comm.

Before HAYNSWORTH, Chief Judge, and RUSSELL and FIELD, Circuit Judges.

PER CURIAM:

Upon consideration of the entire record herein, we are of opinion the result reached by the District Court and the judgment entered by it are correct.

It might be noted, further, that plaintiff does not appear to have begun his action in the District Court within the time limited by statute for the institution of such action. The claim of discrimination asserted by the plaintiff in his letter of May 13, 1968 to the EEOC, which is the basis of this action and which involved a denial of employment at the Falls Church, Virginia, branch of the defendant, resulted in a "suit letter" received by the plaintiff on July 25, 1968.[1] Section 2000e–5(e), 42 U.S.C., fixes the time limit for suit after receipt of such "suit letter" as "within thirty days thereafter". Unless tolled on recognized equitable grounds, this time limitation "must be strictly adhered to" and "Remedies for resulting inequities are to be provided by Congress, not the courts." Goodman v. City Products Corp., Ben Franklin Div. (6th Cir. 1970) 425 F.2d 702, 704, quoting from Kavanagh v. Noble (1947) 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150, which concerned a similar provision in the tax law.[2] The plaintiff did not file

Emmett J. Stebbins, pro se, on brief.

E. Waller Dudley, Alexandria, Va., and Joseph M. Roulhac, Smith, Somerville & Case, Baltimore, Md., on brief, for appellees.

1. Earlier in 1966, the plaintiff had sought employment at the Takoma Park, Maryland, branch of the defendant. He submitted an incomplete application and, when requested to supply additional information, he filed a complaint with the EEOC, which was referred to the Maryland Commission on Internal Problems. After a conference with the plaintiff and the defendant, the staff of the Maryland Commission on Internal Problems found the complaint to be without merit. The complaint was returned to the EEOC but was apparently not pressed further by the plaintiff and, for all essential purposes, seems to have been abandoned by the plaintiff. At any rate, no suit letter was ever issued with reference to this charge.

2. See, also, to the same general effect: Fore v. Southern Bell Telephone and Telegraph Company (D.C.N.C.1968) 293 F.Supp. 587, 588; King v. Georgia Power

this action until almost 17 months after the receipt of his "suit letter".[3] Not only was his action not thus timely filed, there was no basis for tolling on recognized equitable grounds.

It is true plaintiff did file an action on this charge in the District Court of the District of Columbia almost immediately after he had filed his complaint with the EEOC and before any "suit letter" was issued. The District of Columbia action, however, fitted none of the situations under which venue was authorized in Section 2000e–5(f). Subsequently, he requested and secured from the EEOC a "suit letter" and thus corrected this omission. But he made no effort to correct his error in venue, because he was not acting out of inadvertence or mistake; he purposely chose the District of Columbia because he sought to establish a precedent. The plaintiff is a uniquely sophisticated litigant in Title VII matters. By his own professions, he embarked in 1964 on a career of "litigating" under Title VII and, in 1966, focused particularly on insurance companies. He has filed some twelve cases charging racial discrimination against insurance companies, including three against the defendant.[4] In connection with this litigation, he has often demonstrated what one Court has characterized as an "intentional, wilful and contemptuous" disregard of both Court and statutory rules and requirements. See Stebbins v. State Farm Mutual Automobile Insurance Co. (1969) 134 U.S.App.D.C. 193, 413 F.2d 1100, 1102, cert. denied 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 cf., Stebbins v. Nationwide Mutual Ins. Co. (4th Cir. 1967) 382 F.2d 267, cert. den. 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880.[5] Plaintiff was thoroughly acquainted with the statutory provisions both as they fix time limitations on right to sue and fix venue. What he sought by filing his action in the District Court of Columbia was to establish the precedent that venue of a Title VII action was controlled not by the special venue provisions of Section 2000e–5(f) but by the general federal venue statute. To repeat: He was not proceeding upon any ignorance of, or even want of understanding of, Section 2000e–5(f); his was the intentional choice of disregarding the statutory provisions. Such disregard of the clear venue provisions of Title VII by one whose expertise is so well established as that of the plaintiff cannot operate to toll the statutory limitation upon right to sue.

Affirmed.

Company (D.C.Ga.1968) 295 F.Supp. 943, 946; Colbert v. H–K Corporation (D.C. Ga.1968) 295 F.Supp. 1091, 1093 (vacated on other grounds, (5th Cir.) 444 F.2d 1381).

3. The plaintiff filed this as an individual as well as a class action. Both the EEOC, which filed an *amicus* brief, and the defendant contended the plaintiff was not an appropriate party for a class action. The plaintiff did not apparently press his class action and the District Court never made any determination that the action was maintainable as a class action, a determination which must be made as a predicate for the prosecution of a class action. See Rule 23(c)(1), Federal Rules of Civil Procedure; and cf., Wright and Miller, Federal Practice and Procedure, vol. 7A, p. 134–5 (1972).

4. Two of those actions have resulted in appeals heard by this Court. Stebbins v.

Nationwide Mut. Insurance Co. (4th Cir. 1967) 382 F.2d 267, cert. den. 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880, and Stebbins v. State Farm Mutual Automobile Insurance Company, et al., No. 72–1335, decided Oct. 27, 1972. Three others were before the Court of Appeals for the District of Columbia. See 134 U.S. App.D.C. 193, 413 F.2d 1100.

5. In one of these actions, the Court considered the qualifications of the plaintiff for employment as a claim adjuster, which is the type of employment sought by him. The Court found that the plaintiff was "so lacking in elementary financial prudence, candor, stability and meaningful interest in the business world, and definite career direction that no prudent insurance company could reasonably offer to employ him in a position of fiscal trust * * *." Stebbins v. Insurance Co. of North America (D.D.C.1970), Civil Action #2848–69.