Gloria **FORD**, Plaintiff-Appellee.

v.

**VALMAC INDUSTRIES, INC.,**
**Defendant-Appellant.**

No. 73–1448.

United States Court of Appeals.
Tenth Circuit.

April 3, 1974.

Dennis D. Palmer and Dwight Henderson on brief for plaintiff-appellee.

George E. Feldmiller, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., George A. Lowe and Lowe, Lowe & Lowe, Olathe, Kan., on brief for defendant-appellant.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

We are concerned with the proper venue of an action alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The district court held that venue lay in Kansas. We allowed an interlocutory appeal under 28 U.S.C. § 1292(b).

Valmac, through a predecessor company, employed plaintiff in its Kansas plant as a chicken cutter until her discharge on September 25, 1968. Operations of the Kansas plant ended on December 31, 1968. In March, 1969, Valmac opened a plant in Missouri and certain employees of the closed Kansas plant began work at the new Missouri plant. Plaintiff presented to the United States Equal Employment Opportunity Commission written charges of unlawful sex discrimination. The Commission made a reasonable cause finding of discrimination. Plaintiff then brought a timely action in the Western District of

Missouri to enforce her rights. Venue was asserted in that district on the ground that if she had not been discriminated against she would have been employed in the Missouri plant. The employer appeared and attacked venue. The court transferred the case to Kansas.

Plaintiff then amended her complaint and asserted Kansas venue on the ground of her employment and discharge in that state, and alleged that but for the wrongful discharge she would have continued to work there. Valmac again attacked venue on the basis that it had no office in that district and could not be found there. The court denied the motion and this interlocutory appeal followed.

Section 706(f) of the Act, 42 U.S.C. § 2000e–5(f)(3), confers jurisdiction on United States District Courts, and provides that an action may be brought in the judicial district where (1) the alleged unlawful employment practice was committed, (2) where the employment records relevant to such practice are maintained, (3) where the aggrieved person would have worked but for the alleged unlawful employment practice, and (4) "if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office." Because the claimed unlawful employment practice occurred in Kansas, venue is in that district if the respondent may be found there. Otherwise venue is in Arkansas where the respondent has its principal office.

Valmac says that "found" requires an existing physical or business presence to sustain venue. Plaintiff argues that if the employer is subject to the jurisdiction of the district, venue is properly laid there. Valmac was subject to Kansas jurisdiction under the Kansas long-arm statute, K.S.A. § 60–308(b)(1), which says that a person is subject to Kansas jurisdiction "as to any cause of action arising from * * * (1) The transaction of any business within this state * * *." The allegedly wrongful discharge arose out of the business which Valmac was transacting in Kansas.

For jurisdictional purposes, the "minimum contacts" test of International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95, has been expanded to the "substantial connection" standard of McGee v. International Life Insurance Co., 355 U.S. 220, 223, 78 S. Ct. 199, 2 L.Ed.2d 223. Our case is not like Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, which holds that the unilateral activity of a person claiming a relationship with a nonresident defendant is not enough to satisfy the "contact" requirement. Ibid. at 253, 78 S.Ct. 1228. Valmac was doing business in Kansas, and employed the plaintiff to work in that business. The transaction of business in Kansas suffices to establish Kansas jurisdiction.

■■ We are concerned with venue, not with jurisdiction. Jurisdiction is the power to adjudicate and venue is where judicial authority may be exercised. Wright, Handbook of the Law of Federal Courts 149 (1970 ed.). Jurisdiction is oft concerned with constitutional problems of due process. Venue is a legislative matter. In enacting § 706(f) Congress did not say how a corporation must be "found" in a district to establish venue. We are aware of no legislative history which aids in the ascertainment of the pertinent congressional intent. See Dubnick v. Firestone Tire and Rubber Co. of California, E.D. N.Y., 355 F.Supp. 138, 142 and particularly n. 8 and n. 11.

Valmac was "found" in Kansas for jurisdictional purposes. The problem is whether it was "found" there for venue purposes. In Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, consideration was given to the special venue provision of the Clayton Act, 15 U.S.C. § 15, which lays venue in a district where, among other things, an individual may be "found."

To the same effect is 15 U.S.C. § 22 pertaining to corporations. The court noted that a corporation may be present "in a metaphorical sense," commented that " 'found' in the venue sense does not necessarily mean physical presence," and said that if a person is subject to the jurisdiction of a court for the purposes of a lawsuit, he is "found" there for the purposes of the special venue provisions of the Clayton Act. Ibid. at 454–455, 63 S.Ct. 1146.

■ Houston Fearless Corporation v. Teter, 10 Cir., 318 F.2d 822, was concerned with the general venue statute, 28 U.S.C. § 1391(c), and held that whether the corporation was "doing business" in Colorado for venue purposes must be resolved by application of the principles announced in International Shoe. Ibid. at 826. Accordingly, when a corporation is "found" in a district for jurisdictional purposes it is also "found" there for venue purposes.

This result does not conflict with that reached in Stebbins v. State Farm Mutual Automobile Insurance Company, 134 U.S.App.D.C. 193, 413 F.2d 1100, 1102–1103, cert. denied 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173. There the employee conceded the absence of venue under § 706(f) and relied on the general venue statute, 28 U.S.C. § 1391(c). The court declined to apply the general statute and said that by § 706(f) Congress intended "to limit venue to the judicial districts concerned with the alleged discrimination * * *." 413 F.2d at 1102. In the case at hand the alleged discrimination did occur in Kansas.

■ We do not rest our conclusion on the general venue statute. Among the four venue provisions of § 706(f) is that which lays venue in the district where the alleged discrimination occurred. Here it occurred in Kansas, and the employer can be "found" in Kansas for jurisdictional purposes. It is also "found" there for venue purposes. This construction harmonizes with, and best attains, the objectives of Title VII.

Affirmed.