**Lavie CROOKS, Plaintiff,**

v.

**DISTRICT COUNCIL 37, LOCAL 1549, et al., Defendants.**

**No. 74 Civil 467.**

United States District Court, S. D. New York.

Jan. 16, 1975.

———◆———

Lavie Crooks, pro se.

Julius Topol, New York City, for defendants District Council 37, AFSCME, AFL–CIO, Local No. 1549, Perez-Wilson, Roberts, Vardell and Lane; William H. Frappollo, New York City, of counsel.

Adrian P. Burke, Corp. Counsel, New York City, for defendants Health and Hospitals Corp. and Joseph English; Rosemary Carroll, New York City, of counsel.

EDWARD WEINFELD, District Judge.

The defendants move to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The defendants are the American Federation of State, County and Municipal Employees, AFL–CIO, District Council # 37, its attorneys, two individual union officials, the Health and Hospitals Corporation of New York City and individual municipal employees —in all, a total of twenty-six defendants.

Plaintiff appears pro se and, as is not unusual in such cases, has presented a discursive, verbose and freewheeling complaint, the allegations of which are not easy to follow. However, consonant with the Supreme Court's ruling, the plaintiff's complaint must be construed liberally to decide whether plaintiff has set forth a claim sufficient to withstand a motion to dismiss.[1] So construed, the complaint seeks to allege a claim against defendants based upon Title VII of the Civil Rights Act of 1964.[2]

Plaintiff alleges that she had been employed by the City of New York's Health and Hospitals Corporation, assigned to a hospital in Manhattan, and was a member of District Council #37, Local 1549. In essence, she charges that she was harassed by her superiors, given unfair work assignments, summarily suspended from employment (though she was shortly thereafter reinstated), victimized by the filing of false statements in her personnel folder, and eventually dismissed after a hearing that did not comport with required Civil Service procedure—all because of defendants' preju-

---

1. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

2. 42 U.S.C. § 2000e et seq.

dice against her on account of her race (Negro) and national origin. Further, she claims that her union conspired with members of the Municipal Health and Hospitals Corporation to secure her dismissal and that it purposely failed to protect and represent her adequately because of its racial prejudice. Her allegations are challenged by the movants, thus raising issues which we do not pass upon in view of the disposition made herein on a jurisdictional ground.

Plaintiff's employment appears to have been marked with controversy with fellow employees and superiors. In March 1971, as a result of continuing friction between her and supervisors on issues relating to conditions of employment, the union instituted, at her request, under the collective bargaining agreement a Step I grievance procedure, which appeared to have resolved the issues. Friction again developed and on August 2, 1971, plaintiff was suspended from her work pending issuance of specified charges against her and a hearing before a hearing examiner. She was represented by the union's counsel, who argued that the summary suspension was not warranted and was contrary to an "understanding" between the Hospitals Corporation and the union that summary suspension would be invoked only in instances where "dire circumstances or consequences" could reasonably be expected to occur if any individual's employment continued. On August 30th, essentially upon the grounds urged by the union, plaintiff's summary suspension was reversed by the Personnel Review Board of the City's Health and Hospitals Corporation and she was restored to her position with back pay. The ruling was without prejudice to the prosecution of charges against the plaintiff and a prompt hearing was ordered so that a final determination would be made following the Hearing Examiner's Findings and Recommendations.

On August 31, 1971, formal charges were preferred against plaintiff and a hearing scheduled for September 15, 1971, of which she was given due notice.

Union counsel was present to represent her, but she failed to appear. At the request of union counsel, a defendant herein, the hearing was rescheduled for September 27, 1971 to afford her the opportunity to appear. Prior thereto, union counsel sent her two letters informing her of the adjourned date, one by certified mail, but it was returned "unclaimed" by the addressee. On the date of the hearing, plaintiff again failed to appear. Union counsel tried to reach her at her residence, but to no avail. In the afternoon of that day, he finally talked to an individual who was in contact with plaintiff, and counsel informed that person of the importance of plaintiff appearing at the hearing, and that her failure to do so could result in a determination of dismissal. This information was relayed to plaintiff, but by 3:30 p. m. plaintiff still did not appear, and over the objection of the union counsel the Hearing Officer proceeded with the hearing. Thereafter, on October 27, 1971, upon the recommendation of the Hearing Officer, a final determination of dismissal was made effective October 29, 1971. Plaintiff now claims that the union was hostile to her and did not adequately protect her interests at the hearing, which she asserts was no more than a "Kangaroo Court."

Almost one year later, on October 2, 1972, plaintiff filed a charge of discrimination (race) against her union and City employer with the Equal Employment Opportunity Commission ("EEOC"). On June 28, 1973, the Commission concluded there was no reasonable cause to believe that either the union or her employer had violated Title VII of the Civil Rights Act of 1964. Plaintiff was advised by the EEOC of her right to seek further redress by private suit in the federal district court.

On January 29, 1974, plaintiff filed a complaint asserting that this "court has jurisdiction because E.E.O.C. has preserved [her] right to sue." On May 7, 1974, the complaint was dismissed with leave to file an amended complaint within ten days. An amended complaint was

filed June 7, 1974. Plaintiff dropped a number of individual defendants and added others, making a total of twenty-six defendants in all. Her explanation for dropping some defendants is that she did not know that she could not sue them "for Defamation of Character under Title VII."[3] As plaintiff's papers make clear, all the defendants are charged with "violating Title VII of the Civil Rights Act of 1964, as amended."[4]

Section 703(a) of Title VII[5] forbids an employer to discharge any individual or otherwise discriminate against him with respect to terms, conditions or privileges of employment because of race or national origin. Section 703(c)[6] makes it unlawful for a labor organization to discriminate against any individual because of race or national origin. As indicated, plaintiff, based upon the foregoing provisions, filed with the EEOC a charge against her employer and union. EEOC decided that there was no reasonable cause to believe that either her employer or union violated Title VII.

Section 706(f)(1) of Title VII[7] provides in pertinent part:

> "If a charge filed with the [Equal Employment Opportunity] Commission . . . is dismissed . . . the Commission . . . shall so notify the person aggrieved and *within ninety days after the giving of such notice* a civil action may be brought against the respondent named in the charge . . .." [emphasis supplied]

EEOC's decision dismissing plaintiff's charge was filed on June 28, 1973, of which she was duly notified. Plaintiff commenced this action on January 29, 1974, seven months after notice was given to the plaintiff of the Commission's decision. The action clearly was not brought within the ninety days after such notice. This time limit of section 706 of Title VII is jurisdictional and compliance with its requirement is a precondition to the commencement of a court action.[8]

The complaint is dismissed for lack of jurisdiction.

---

3. Complaint p. 4.

4. Affidavit in opposition p. 9.

5. 42 U.S.C. § 2000e–2(a).

6. 42 U.S.C. § 2000e–2(c).

7. 42 U.S.C. § 2000e–5(f)(1).

8. Archuleta v. Duffy's, Inc., 471 F.2d 33 (10th Cir. 1973) ; Goodman v. City Products Corp. Ben Franklin Div., 425 F.2d 702 (6th Cir. 1970) ; Choate v. Caterpillar Tractor, 402 F.2d 357, 359 (7th Cir. 1968) ; Rice v. Chrysler Corp., 327 F.Supp. 80 (E.D.Mich. 1971) ; Jackson v. Cutter Laboratories, 338 F.Supp. 882 (E.D.Tenn.1970) ; Sciaraffa v. Oxford Paper Co., 310 F.Supp. 891, 895 (D.Me.1970) ; Colbert v. H–K Corp., 295 F.Supp. 1091, 1093 (N.D.Ga.1968).