**Mary E. MARINO, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), Defendant.**

No. 84 CIV. 1358 (PKL).

United States District Court, S.D. New York.

Oct. 14, 1986.

---

Scheinberg, Shneps, DePetris & DePetris, New York City (Murray B. Shneps, of counsel), for plaintiff.

Siff & Newman, New York City, Theodore M. Kerrine, Associate Gen. Counsel, National Railroad Passenger Corp., Washington, D.C. (Mark S. Landman, New York City, of counsel), for defendant.

LEISURE, District Judge:

Plaintiff Mary E. Marino ("Marino") has brought suit against the National Railroad Passenger Corporation ("Amtrak") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*. Marino, a secretary employed by Amtrak, claims that she was discriminatorily denied a promotion to the position of Senior Secretary in the Amtrak Corporate Communications Department.

On March 23, 1982, Marino filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of age and retaliation in connection with her failure to obtain the senior secretary position. On July 8, 1983, the EEOC mailed copies of its Determination [1] and Right to Sue Notice ("Notice") to Marino, Murray B. Schneps, Esq. ("Schneps")—Marino's counsel at the EEOC proceedings—and Amtrak. It is undisputed that the Notices were sent by certified mail, return receipt requested, to the parties.

This action was commenced by Marino in the United States District Court for the Eastern District of New York on October 12, 1983. Subsequently, the action was transferred to this Court on Amtrak's mo-tion. This matter is now before the Court on Amtrak's motion for summary judgment declaring that this Court lacks subject matter jurisdiction because Marino failed to file this action within 90 days after her receipt of the right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1).

## FACTUAL BACKGROUND

For the purpose of ruling on Amtrak's motion for summary judgment, this Court need only examine the facts regarding the statute of limitations issue.

It is undisputed that the EEOC mailed its Notice to Amtrak, Marino, and Schneps on July 8, 1983. It is also agreed that Amtrak received its copy of the Notice on July 11, 1983. It is further agreed that Yvonne Saleme, Marino's friend, and M.C. Vern, an unidentified individual, signed receipts, dated July 13, for the Notices sent to Marino, and Schneps, respectively. It cannot be argued that there were indeed more than 90 days between July 13, 1983 and October 12, 1983, when the action was filed.

Amtrak claims that these undisputed facts are sufficient to deprive this Court of subject matter jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(1). Before evaluating this argument it is first necessary to introduce some additional facts.

Marino states that she is employed on a full time basis. Consequently, she is rarely at home when the mail is delivered. Marino claims that a day or two after receiving notice from her postman—indicating his unsuccessful attempts to deliver the certified letter—she asked her friend, Ms. Saleme, to go to the post office and pick up the letter for her. According to Marino, Ms. Saleme picked up the Notice on July 20, 1983, and delivered it to Marino that evening.

Schneps also claims he did not receive *his* Notice until July 20. He notes that the envelope in which the Notice as contained was stamped as received by his office on July 20.

---

1. In its determination, the EEOC concluded that an "examination of the evidence indicates that there is no reasonable cause to believe this allegation is true."

To explain the factual inconsistency between plaintiff's position and the post office receipt, Schneps and Marino contend that the July 13, 1983 stamp refers to the date the post office received the Notices and not the day Schneps and Marino received them.

## LEGAL DISCUSSION

On a motion for summary judgment, the court's purpose is not to try issues of fact, but rather to determine whether or not there are material issues of fact to be tried. *Burroughs Wellcome Co. v. Commercial Union Ins. Co.*, 632 F.Supp. 1213, 1217 (S.D.N.Y.1986). To answer this question the court applies a two step test:

1. Is there an issue of fact appropriate for trial and

2. Is that issue material.

Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 469 (1984).

The first step is here met. There is in this case an issue of factual dispute appropriate for trial. Although Amtrak suggests that the dates stamped on the receipts are dispositive, plaintiff disputes, in sworn affidavits, the actual date on which she received the Notice.

A case in point, *Gordon v. National Youth Work Alliance*, 675 F.2d 356 (D.C. Cir.1982), also involved a defendant's motion to dismiss a Title VII claim. The defendant claimed that the court lacked subject matter jurisdiction because the plaintiff had not filed suit within the 90 day limit prescribed by Title VII. As in the case before this Court, *Gordon* involves a dispute regarding when the plaintiff actually received her Notice. Also, as is the case here, the focus of the factual dispute was the significance of the mark on a mail receipt.

The dispute in *Gordon* is not exactly the same as that before this Court.[2] However, the reasoning behind that Court's decision

declining to grant defendant's motion is applicable here. As that Court stated:

> Fairness, not excessive technicality, is the guiding principle under ... Title VII .... Where facts material to a jurisdictional time limit are in dispute ... fairness ... require[s] that the court provide the parties [with] a full opportunity to air their factual dispute. (Citations ommitted).

*Id.* at 360.

In sum, the factual dispute regarding the postal receipt is genuine. Therefore, the first step of the analysis is satisfied. I now turn to the second step.

The next question before the Court is whether the fact in dispute is material. Clearly the date of receipt of Notice by plaintiff and her counsel is critical to Amtrak's motion. It is well established that suits brought under Title VII must be filed within 90 days after receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). Failure to file suit within the statutorily mandated period is cause for dismissal. *Wong v. Bon Marche, Inc.*, 508 F.2d 1249 (9th Cir.1975) (suit filed on 91st day after receipt of notice of right to sue was time-barred); *Crooks v. District Council 37, Local 1549*, 390 F.Supp. 354 (S.D.N.Y.1975) (action brought seven months after notice of dismissal of discrimination charge by EEOC was time-barred).

Actual notice of the right to sue letter is necessary before the 90 day period begins to run. *See Lynn v. Western Gillette, Inc.*, 564 F.2d 1282, 1286 n. 3 (9th Cir.1977); *Franks v. Bowman Transportation Co.*, 495 F.2d 398, 404 (5th Cir.1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). Moreover, any ambiguity should be construed in plaintiff's favor. *See Page v. U.S. Industries*, 556 F.2d 346, 351 (5th Cir.1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978).

Furthermore, a number of cases have held that where a Title VII plaintiff is represented by counsel, receipt by the at-

---

**2.** In *Gordon,* the return receipt received by the EEOC was signed and dated "10-7-80" by plain-

tiff's mother *in her own handwriting,* while the postmark was dated "Oct-9-80".

torney of the right to sue notice begins the running of the limitations period for filing actions at law. *See, e.g., Harper v. Burgess,* 701 F.2d 29 (4th Cir.1983); *McClellan v. International Paper Co.,* 36 F.E.P. Cases 1080 (M.D.Tenn.1984).

Because both steps of the aforementioned test are satisfied here, this case is not appropriate for disposition by summary judgment. Therefore, Amtrak's motion is denied.

## CONCLUSION

There is an issue of material fact regarding the question of when plaintiff and her attorney received their Notices. Consequently, it is ordered that an evidentiary hearing be conducted before this Court on this limited issue prior to any trial on the merits of this action.