**Marilyn LEWIS, etc., Plaintiff,**

v.

**MADISON COUNTY BOARD OF EDUCATION, Defendant.**

**Civ. A. No. 87–H–1408–N.**

United States District Court, M.D. Alabama, N.D.

Feb. 2, 1988.

Joe R. Whatley, Jr., Faulkenberry & Whatley, Birmingham, Ala. and Terry G. Davis, Montgomery, Ala., for plaintiff.

Ford, Caldwell, Ford & Payne, Joe W. Campbell, Huntsville, Ala., for defendant.

## MEMORANDUM OPINION

HOBBS, Chief Judge.

Before the Court is defendant's Motion to Transfer the above captioned cause to the United States District Court for the Northern District of Alabama. For the reasons discussed below, this case will be transferred. This transfer is a discretionary act of this Court pursuant to 42 U.S.C. § 2000e–5(f)(3) (1982) and 28 U.S.C. § 1404 (1982).

Plaintiff has brought a class action against the Madison County Board of Education, which is in the Northern District of Alabama, pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et. seq.* Plaintiff asserts that the Madison County Board of Education has engaged in a pattern of racially discriminatory practices in the hiring, selection and promotion of principals and other supervisory personnel.

Plaintiff and her class are residents of Madison County and are present and future employees of the Madison County Board of Education. In September 1986, plaintiff applied for an opening as a special programs coordinator in Madison County and was denied that position allegedly because of her race and sex. All of the allegedly discriminatory acts took place in Madison County. Any and all records which are relevant to these alleged discriminatory practices are in Madison County. The defendant, Madison County Board of Education, does business as a public school system with its principal place of business in Madison County, Alabama. All of the witnesses which would be expected to testify in this action are in Madison County. Even the attorneys bringing this action on behalf of plaintiff reside in the Northern District of Alabama as do the attorneys for defendant School Board.

In short, all of the contacts for this cause of action are in Madison County, which is located in the Northern District of Alabama. For undisclosed reasons, the attorneys for the plaintiff chose to bring this action in the Middle District of Alabama at a courtroom approximately two hundred miles from Madison County. The federal district court for the Northern District of Alabama routinely sits in Madison County. Plaintiff asserts that she has the option to bring this action in any judicial district in Alabama by virtue of the specific venue provision of Title VII, 42 U.S.C. § 2000e–5(f)(3).

This venue provision specifies four categories of judicial districts where a Title VII action may be brought. The first category states; *"in any judicial district in the State* in which the unlawful employment practice is alleged to have been committed, ..." (Emphasis added). In a state such as Alabama, this category provides some alternative districts. An examination of the legislative history behind this venue provision has led some federal courts to conclude that the forum shopping alternatives were deemed necessary to support Con-

gress' desire to afford citizens full and easy redress of civil rights grievances. *See Gilbert v. General Electric Co.,* 347 F.Supp. 1058, 1060 (E.D.Va.1972).

In its first responsive pleading, defendant moved for change of venue. The specific venue provision of Title VII, 42 U.S.C. § 2000e–5(f)(3) was amended on the Senate floor to provide:

> For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the actions might have been brought.

In explaining the provision, Senator Dirkson said:

> A provision has been added making the judicial district in which the respondent has his principal office available both in case of a change of venue for the convenience of parties and witnesses under Section 1404 of the Judicial Code, and for dismissal or transfer under Section 1406 of the Code of a case brought in the wrong district.

110 Congressional Record 12817, 12819, Column 2, June 5, 1964.

In light of this, it is illogical that Congress intended to place the venue provisions of Title VII outside the purview of the transfer clause of 28 U.S.C. § 1404. *E.E.O.C. v. Parish Water Works Co., Inc.,* 415 F.Supp. 124, 125–26 (E.D.La.1976).

In considering a motion to transfer pursuant to 42 U.S.C. § 2000e–5(f)(3) and 28 U.S.C. § 1404, this Court feels compelled to look first to the categories set out in 42 U.S.C. § 2000e–5(f)(3). These are all in the Northern District of Alabama. Next, the Court turns to the considerations set out in 28 U.S.C. § 1404(a), "the convenience of the parties and witnesses and the interests of justice." This Court can think of no consideration which would justify venue in this jurisdiction.

Accordingly, this Court will exercise its discretion to transfer this cause to the United States District Court in the Northern District of Alabama.

A separate order will be entered in accordance with this memorandum opinion.