Takkallapelli v. Builders Square      CV-95-146-SD   06/14/95
                 UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Devi Takkallapelli


      v.                                    Civil No. 95-146-SD


Builders Square


                           O R D E R


      Defendant Builders Square, Inc. (Builders Square), moves to
dismiss or alternatively transfer venue.   Document 7.   The
plaintiff objects.   Document 8.


1.   Background

      Between June 25, 1988, and the fall of 1993, plaintiff Devi
Takkallapelli was employed by Builders Square at its store in
Nashua, New Hampshire.   In this litigation, she seeks to recover
for alleged acts of discrimination which she endured in the
course of such employment.

      A native of India, plaintiff grounds her federal claims on
the provisions of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, et seq.; and 42 U.S.C. § 1981.[1]

In November 1993 Builders Square closed its Nashua store and removed its personnel and business records to its headquarters in San Antonio, Texas. Ms. Takkallapelli served her complaint on CT Corporation, registered agent of Builders Square, on April 6, 1995.

Defendant here claims that venue cannot be established in New Hampshire pursuant to the requirements of Title VII. It seeks dismissal or transfer to the Western District of Texas, San Antonio Division. 28 U.S.C. § 1406(a).[2]


2. Discussion

Title VII details four bases for venue, Bolar v. Frank, 938 F.2d 377, 378 (2d Cir. 1991), which alternative forums have been described as "necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances." Richardson v. Alabama State Bd. of Educ., 935 F.2d

---

[1]Plaintiff also advances a pendent claim pursuant to state common law.

[2]28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

2

1240, 1248 (11th Cir. 1991) (citing <u>Lewis v. Madison County Bd.</u> <u>of Educ.</u>, 678 F. Supp. 1550, 1551-52 (M.D. Ala. 1988)). Codified at 42 U.S.C. § 2000e-5(f)(3), this venue statute provides in relevant part that

> an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent had his principal office shall in all cases be considered a district in which the action might have been brought.

To decide "proper venue under this statute, a court must first look to the situs of any one of the first three criteria set forth in section 2000e-5(f)(3). The court may look to the district in which the employer's principal office is located <u>only</u> if venue cannot be laid in one of the other three possible districts specified in the statute." <u>Arrocha v. Panama Canal</u> <u>Comm'n</u>, 609 F. Supp. 231, 234 (E.D.N.Y. 1985) (emphasis by court) (citations omitted). Thus viewed, New Hampshire is clearly, as the statute provides, the "state in which the unlawful employment practice is alleged to have been committed."

Builders Square argues, however, that as it had closed its New Hampshire store and removed its records to Texas prior to commencement of this litigation, it cannot be "found" in New Hampshire for the purposes of venue. Plaintiff points out, however, that defendant still maintained an agent for service of process and had failed to comply with statutory withdrawal requirements as of the time of commencement of suit.[3] In such circumstances, defendant is to be "found" in New Hampshire for purposes of the determination of proper venue. Harrison v. International Assoc. of Machinists and Aerospace Workers, 807 F. Supp. 1513, 1516 (D. Ore. 1992) (only legal, not physical, presence of defendant required for venue purposes); Ford v. Valmac Indus., Inc., 494 F.2d 330, 332 (10th Cir. 1974) (foreign corporation "found" in state for jurisdictional purposes is "found" there for venue purposes).

In sum, the special venue provisions of section 2000e-5(f)(3) set forth the clear "intent of Congress to limit venue to

_____

[3]The New Hampshire Business Corporation Act, Revised Statutes Annotated (RSA) chapter 293-A (Supp. 1994), requires foreign corporations to obtain a certificate of authority to transact business in New Hampshire, id., § 15.01; maintain a registered agent, id. § 15.07, upon whom service of process may be had, id. § 15.10(a); and obtain a certificate of withdrawal of its authority to transact business if it desires to leave the state, id. § 15.20. In the instant case, defendant still maintained a registered agent for service and had not withdrawn its authority to transact business as of the time this litigation was commenced.

4

the judicial districts concerned with the alleged discrimination." Stebbins v. State Farm Mut. Automobile Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir.), cert. denied, 396 U.S. 895 (1969). New Hampshire is such a jurisdiction, and venue is properly laid here, as defendant was to be "found" here as of the time of service of the complaint. No more is required.

3. Conclusion

For the reasons hereinabove outlined, the defendant's motion to dismiss or alternatively to transfer venue must be and it is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 14, 1995
cc:  Nancy Richards-Stower, Esq.
     Cyndi M. Brenedict, Esq.
     Thomas J. Pappas, Esq.

5