Anthony Joseph GENOVESE, III,
Plaintiff-Appellant,

v.

SHELL OIL COMPANY, Defendant-
Appellee.

No. 73–1224.

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1973.

Richard W. Shelton, Cecil Burglass, Jr., New Orleans, La., for plaintiff-appellant.

Theodore J. Pfister, Jr., Al J. Moore, New Orleans, La., for defendant-appellee.

Before THORNBERRY, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Anthony Joseph Genovese filed a Title VII sex discrimination charge with the Equal Employment Opportunity Commission (EEOC) against his employer, Shell Oil Company. On January 25, 1972 he received notice from the EEOC that it had been unable to achieve voluntary compliance by Shell with Title VII. Genovese then filed this private action on March 7, 1972. 42 U.S.C. § 2000e–5 then provided that after the EEOC notifies the charging party that it has been unable to obtain voluntary compliance "a civil action may, within thirty days

thereafter, be brought against the respondent named in the charge." The district court granted summary judgment in favor of Shell Oil Company upon the basis that Genovese had not complied with this provision.

On appeal from this judgment, Genovese argues that, since Title VII is remedial legislation, its provisions should be liberally construed according to equity and justice so as not to serve as stumbling blocks for potential plaintiffs. He asserts that upon receipt of the EEOC notice he contacted his attorney and authorized the filing of suit, and that the attorney apparently misread the notice and thus mistakenly failed to comply with the 30-day requirement. Based on these facts, Genovese urges us to disregard the thirty-day limitation period in the instant case.

■■■ There is no room here for liberal or strict statutory construction since it is clear from the language of 42 U.S.C. § 2000e–5 that the 30-day requirement for the filing of suit is mandatory and jurisdictional. Nothing in the legislative history cited us by Genovese convinces us otherwise. The permissive word "may" refers only to the charging party's decision as to whether a civil action should be brought at all and does not modify the 30-day limitation provision so as to create "a discretion in the Court to receive the case following the expiration of 30 days." Goodman v. City Products, 425 F.2d 702 (6th Cir. 1970). , Other circuits have also recognized that this requirement is jurisdictional. Harris v. National Tea Company, 454 F.2d 307 (7th Cir. 1971); Goodman v. City Products Corp., *supra*; F.2d 357, 359 (7th Cir. 1968). Today, and Choate v. Caterpillar Company, 402 we add this circuit to those, holding that compliance with this limitation period in 42 U.S.C. § 2000e–5 is a precondition to asserting a private Title VII action, and that jurisdiction of the courts to hear such actions is dependent upon suit

being brought thirty days after the EEOC's notice that it has been unable to achieve voluntary compliance. The district court's grant of summary judgment is

Affirmed.