**Richard WONG, Plaintiff-Appellant,**

v.

**The BON MARCHE,**
**Defendant-Appellee.**

**No. 73–3353.**

United States Court of Appeals,
Ninth Circuit.

Jan. 7, 1975.

Richard Wong, in pro. per.

Mary A. Ottinger Hege, Seattle, Wash. (argued), for defendant-appellee.

Before HAMLEY, ELY and TRASK, Circuit Judges.

OPINION

PER CURIAM:

This appeal by Richard Wong challenges the dismissal of his claim against The Bon Marche for alleged unfair employment practices under 42 U.S.C. § 2000e–2(a)(1). Jurisdiction was properly sought in the district court under 42 U.S.C. § 2000e–5(f)(3) and in this court on appeal.

Wong, a pharmacist, had been employed by The Bon Marche for approximately 16 months before his discharge on September 17, 1970. His claim was that he was discharged because he was Chinese. He pursued his administrative remedies through the Washington State Human Rights Commission and the EEOC. Both of those agencies found that no probable cause existed to believe that The Bon Marche had engaged in unlawful employment practices. On February 12, 1973, Wong received his "Notice of Right to Sue" letter from the EEOC. Under 42 U.S.C. § 2000e–5(f)(1) he had 90 days in which to file a civil action in his own behalf. He did not file until the 91st day and the district court dismissed the claim on that ground. We feel compelled to affirm.

Appellant urges that he acted diligently to present his claim to the court and that this diligence should justify the one-day delay. Without reciting all of the details of his efforts we note that the 90-day period for filing a complaint expired on May 14, 1973. On March 6, 1973, he had sought the services of an

attorney to draft a formal complaint for him. The complaint was prepared and delivered to him prior to the filing deadline but the exact date is not clear from the record.[1] On April 13, 1973, he had taken his "Right to Sue" letter to the district court to commence the action but "the documents were not treated as a formal complaint and were not filed." Appellant's Brief at 4. He tells us in his pro se appeal that he did not learn that he could file his formal complaint himself until too late.

The Notice of Court's Ruling signed by the district judge is as follows:

"Defendant's Motion to Dismiss is granted, on the basis that suit is barred by the ninety-day limitation period. Plaintiff had counsel during a portion of this period, who prepared and released to him a draft complaint. Plaintiff was aware that he could file the complaint himself. He failed to do so within the time required." C.T. at 51.

■■ The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the predecessor of the Equal Employment Opportunity Act of 1972, provided that a complaint could be filed within 30 days after receipt of a "Right to Sue" letter. The 1972 Act, extended that time to a 90-day period.[2] We do not find anything either in the plain language of the statute or in its legislative history which would indicate that the time limitation may be forgiven or extended if the complainant has acted diligently. The contra, rather, is strongly indicated. The aggrieved individual knows about the EEOC office because he has filed his claim there. He receives official notice of his right to sue and the time within which that suit must be filed. The enlargement of the limitation period from 30 days to 90 days provides ample time for a grievant to file his complaint.

The decided cases on the subject of the 90-day period for filing suit in federal court are somewhat divided. Holding that the limitation period is jurisdictional are: Genovese v. Shell Oil Co., 488 F.2d 84 (5th Cir. 1973); Archuleta v. Duffy's Inc., 471 F.2d 33 (10th Cir. 1973); Goodman v. City Products Corp., Ben Franklin Division, 425 F.2d 702 (6th Cir. 1970). *Compare* Huston v. General Motors Corp., 477 F.2d 1003 (8th Cir. 1973); Stebbins v. Nationwide Mutual Insurance Co., 469 F.2d 268 (4th Cir. 1972), cert. denied, 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973).

We have considered the problem in Gates v. Georgia-Pacific Corp., 492 F.2d 292 (9th Cir. 1974). In that case the grievant was notified by the Commission that it was closing her case for lack of jurisdiction. It did not advise her that a civil action could be filed against the employer within the 30-day period then applicable. When she was later properly notified in accordance with the Commission's regulations, 29 C.F.R. 1601.25, of her right to file a civil action, such action was timely filed. Although we referred to equitable principles which "may operate to toll the 30-day requirement," we carefully restricted the holding to the facts of that case and expressed no opinion on the form of notice "which might trigger the 30-day period under other circumstances."

■■ Here we find circumstances of quite a different nature. The 90-day letter was sent and received and clearly notified appellant of his right to file the civil action. This having been done, we

---

1. Appellant's Memorandum in Support of Motion to Appeal would indicate this date as April 13, 1972. C.T. at 66. Appellant also states that as of the same date his application for a court-appointed attorney was denied.

2. Public Law 92–261, 86 Stat. 103, 42 U.S.C. § 2000e–5(f)(1), states in relevant part:

"If a charge filed with the Commission . . . is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . . Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

hold that the requirement for filing a complaint within the 90-day period was jurisdictional, *Genovese, supra*; *Archuleta, supra*; *Goodman, supra*. The claimed diligence of appellant or his own confusion does not constitute a defense. Moreover, were we to pass upon the merits of such a defense we would have no difficulty in finding that it had not been sustained.

Judgment affirmed.