Dr. Jenny **BRAMLEY**, Plaintiff,

v.

**Robert E. HAMPTON et al.,
Defendants.**

**Civ. A. No. 75–119.**

United States District Court,
District of Columbia.

Nov. 17, 1975.

James F. Jordan, Ralph J. Temple, American Civil Liberties Union, Washington, D. C., for plaintiff.

John R. Dugan, Asst. U.S. Atty., Civ. Div., Washington, D. C., for defendants.

## MEMORANDUM

FLANNERY, District Judge.

This matter came before the court on defendants' motion to dismiss and on the parties' cross-motions for summary judgment. In her complaint, plaintiff alleges a pattern of sex discrimination during the course of her employment as a physicist with the United States Army Night Vision Laboratory, culminating in the initiation of a reduction-in-force action against her by which her grade was reduced from GS–15/7 to a GS–13. Plaintiff appealed this action to the Appeals Examining Office of the Civil Service Commission and subsequently to the Appeals and Review Board, both panels rendering decisions adverse to her. The Review Board entered its decision in May, 1973, and in July, 1973, Dr. Bramley's petition for reconsideration of her appeal on grounds that the Board had improperly failed to notify her of her right to file a civil action within 30 days of the receipt of its final decision, was denied by the Board. One year later, in June, 1974, plaintiff once again, by counsel representing her in the instant action, unsuccessfully petitioned the Board to reopen and reconsider her case based on alleged newly-discovered material evidence and an argument that the Board did not properly consider her original appeal since there was no indication in its opinion that the Board evaluated the basis of her sex discrimination claim apart from her separate challenge to the reduction-in-force (RIF).

In essence, Dr. Bramley's complaint concedes that the Commission correctly

decided that the actual reduction-in-force, of itself, was not motivated by considerations of sex. Plaintiff's supervisors have stated that her position was one of low priority within the operation, and that budgetary concerns required the elimination of certain low priority positions in an effort to economize. Although, during the administrative process, plaintiff contested the fact that her position was of low priority, the Commission found, and plaintiff now concedes, that her position in fact was accorded such priority. As Dr. Bramley now presents the issue to the court, "The question is not 'Was plaintiff in a low priority position?' but, rather, 'Why was plaintiff, a singularly gifted and accomplished scientist, in a low priority position?'" She claims that the administrative record shows a history of discrimination on the part of her supervisor that repeatedly frustrated her efforts to be assigned to high priority supervisory positions. For this reason she remained vulnerable to any RIF, and it was to be expected that, if a RIF were initiated, her position would be eliminated.

This court is of the opinion that it should not reach a determination on the merits of the plaintiff's complaint. The government correctly asserts that Dr. Bramley failed to file a timely civil action as provided in 42 U.S.C. § 2000e–16(c),[1] within 30 days of receipt of the Commission's final decision against her.[2] Thus, the court need not decide the issue raised by the plaintiff that, while there may have been no irregularities in the RIF procedure viewed by itself, a continuous pattern of sex discrimination over the course of plaintiff's employment, ignored by all prior administrative review panels, led to her vulnerability to a RIF action because of the admittedly low priority of the position she occupied.

Dr. Bramley filed two separate complaints with the Civil Service Commission in June and July, 1972 when she was notified of the RIF action against her. One complaint challenged the action under standard grievance procedures, processed under Part 351 of CSC regulations, and a separate complaint was filed under the provisions of the Equal Employment Opportunity Act alleging sex discrimination, normally processed under Part 713. By action of the Civil Service Commission, plaintiff's discrimination claim was joined procedurally with her RIF appeal, pursuant to 5 C.F.R. § 713.236. The section reads, in pertinent part:

"When the basis of the complaint of discrimination because of race, color, religion, sex, or national origin, involves an action which is otherwise appealable to the Commission and the complainant having been informed by the agency of his right to proceed under this subpart . . . the case will be processed under the regulations appropriate to that appeal. . ."

Upon her request for reconsideration filed in June, 1973, on the basis that the Board had not properly informed the plaintiff of her right to file a civil action within 30 days in the United States District Court, the Board informed her that her "appeal was processed under Part 351 of the Civil Service regulations, pertaining to appeals in reduction-in-force actions. There is no 30-day time limit for filing a civil action in the United States District Court in a reduction-in-force appeal case."

1. Equal Employment Opportunity Act of 1972, § 717(c), 42 U.S.C. § 2000e–16(c) (Supp. III, 1973).

2. A determination of which action of the Review Board constitutes a final disposition of plaintiff's claim is not required here, because even if the August, 1974 denial of reconsideration were the operative action, the January, 1975 filing date of this action does not comply with the statutory requirement. Clark v. Goode, 499 F.2d 130, 133–34 (4th Cir. 1974) ; Kurylas v. Department of Agriculture, 373 F.Supp. 1072, 1074 (D.D.C. 1974), aff'd, 514 F.2d 894 (D.C.Cir.1975).

In arguing that the 30-day statutory limit does not apply, plaintiff places primary reliance on the consolidating regulation and the Board's expressed interpretation of its effect on her right to relief in this court. In substance, plaintiff contends that as a matter of procedure and reviewability, this case remains an appeal of the RIF action. She asserts that although the central question raised by the plaintiff's complaint calls for a determination of the merit in her allegations of on-going sex discrimination independent of the RIF action, both the RIF appeal and the EEO complaint remain procedurally linked under the rules applicable to normal Civil Service grievances, and thereby are not subject to the 30-day limitation of section 2000e–16(c). An analysis of the nature of plaintiff's claim and of the statutory procedures intended by Congress to resolve discrimination complaints against the federal government demonstrates that plaintiff's argument is without merit.

■■ First of all, although plaintiff's complaint fails to allege § 2000e–16(c) as a basis for jurisdiction, there is no dispute that Dr. Bramley's instant discrimination complaint lies within the purview of relief afforded by the EEO Act. Plaintiff has founded her action on the principles of the Act,[3] and her claim of sex discrimination finds the basis for its remedy within the provisions of 42 U.S.C. § 2000e–16(b). Accordingly, in the normal course, her claim would be subject to the limitation of section 2000e–16(c).[4] Regulation 713.236 of Part 713, upon which plaintiff relies, should not be deemed to alter the statutory prerequisites for this court of any action arising directly under the Act. A rule which states that "the case will be processed under the regulations" of Part 351 may alter the procedures for administrative resolution of the complaint, but cannot supersede clearly defined statutory limitations bearing upon the power of the court.

■ Section 2000e–16(c) has been interpreted as a waiver of sovereign immunity, creating a limited right to bring a civil action within a specified time. See Brown v. General Services Administration, 507 F.2d 1300, 1306–07 (2d Cir. 1974), cert. granted, 421 U.S. 987, 95 S. Ct. 1989, 44 L.Ed.2d 476 (1975). See also Hackley v. Roudebush, 520 F.2d 108, 122 n. 53, 128 (D.C.Cir.1975). Statutes waiving sovereign immunity are to be strictly construed,[5] and there is clearly nothing in the consolidating regulation that would demonstrate an intention that those complainants whose claims are procedurally joined under the regulations of Part 351 should enjoy any greater right to proceed by judicial process against the sovereign than those whose complaints are processed normally under the regulations of Part 713. Therefore, the "process" to which Regulation 713.236 refers must be interpreted to be confined to the administrative process. A complainant whose EEO claim has been processed under Part 351 still is free to bring a civil action within the time specified by section 2000e–16(c) once that process is completed and final action has been taken on the discrimination portion of the grievance.

If Title VII actions in the private sector can be compared to this case,[6] the

---

3. Despite failing to include section 2000e–16 in the paragraph of her complaint alleging jurisdiction, paragraph 25 alleging the wrongs of the defendants avers an unlawful violation of 42 U.S.C. § 2000e et seq., recognizing the proper basis of plaintiff's sex discrimination claim.

4. See, e.g., Clark v. Goode, supra, at 133–34; Kurylas v. Department of Agriculture, supra, aff'd, 514 F.2d 894 (D.C.Cir.1975); Roney v. Saxbe, 380 F.Supp. 1191 (D.D.C. 1974).

5. Brown v. General Services Administration, supra, at 1307.

6. Section 2000e–16(d) expressly states that the applicable provisions of section 2000e–5(f) through (k), pertaining to private litigants, shall govern civil actions under 2000e–16, thereby sanctioning the adoption of certain general principles controlling private sector discrimination. See Hackley v. Roudebush, supra, at 118–22.

limitation of section 2000e–16(c) should not be unyielding. Plaintiff could urge certain equitable considerations on this court to excuse the failure to file suit within the time period of the statute. *See, e. g., Gates v. Georgia Pacific Corp.,* 492 F.2d 292 (9th Cir. 1974); *Stebbins v. Nationwide Mutual Insurance Co.,* 469 F.2d 268 (4th Cir. 1972) *cert. denied,* 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973); *McQueen v. E. M. C. Plastic Co.,* 302 F.Supp. 881 (E. D.Tex.1971); *cf. Brown v. General Services Administration, supra,* at 1307.

■ Within this rubric, Dr. Bramley argues that the joinder of her separate claims under standard grievance regulations prejudiced her case by obscuring the issues raised in her EEO complaint, and thus the court should make an independent determination of her sex discrimination claim. Even assuming this were true, the reviewability of the issues raised before the Commission would be unaffected. Presumably, final agency disposition of the plaintiff's consolidated claims should be deemed final action on the distinct issues of the EEO complaint, regardless of whether the Commission ignored plaintiff's allegations of on-going sex discrimination. Upon such final action, plaintiff then would be entitled to bring her claim to federal court within 30 days, making the same arguments she has made in the instant complaint. The treatment of plaintiff's claim by the Commission does not entitle the plaintiff to a protracted right of bringing an action in this court, so long as final disposition has, in fact, been made by the agency, as is the case here.

■ As a further matter of equity, one aspect of the Commission's handling of plaintiff's case is disturbing. In response to her first request for reconsideration in June, 1973, on grounds that she had not received proper notice of the 30-day restriction for filing suit in District Court, the Commission responded incorrectly that, because her EEO complaint was processed under Part 351, the 30-day limit did not apply. If the court were to reach the merits of the plaintiff's argument, this assertion by the Commission might serve to support her argument that the agency misinterpreted the legal basis of her complaint and thus failed to consider the substance of the sex discrimination claim. However, in a determination here of the effect of the Commission's representation on plaintiff's right to maintain this action, the focus must be the degree of prejudice caused to the plaintiff and the impact of that prejudice upon the statutory time limit. The plaintiff's awareness that she still had an EEO claim after the Commission's action in May, 1973 is demonstrated by the petition for reconsideration filed by her present counsel in June, 1974. Arguing both that the Commission had ignored her sex discrimination claim, and that there was newly-discovered material evidence to substantiate that claim, plaintiff must be deemed to have been cognizant of the essential nature of her appeal, and should not be excused for failure to file a civil action for a claim clearly "brought pursuant to subsection [2000e–16(a)]" [7] until more than five months after her final communication with the Commission, over 20 months following the first decision of the Appeals and Review Board. The plaintiff has failed to show sufficient confusion or prejudice occasioned by the Commission's misstatement that would justify such a lengthy delay.

The Ninth Circuit addressed a comparable fact situation in *Gates v. Georgia-Pacific Corp., supra,* and found for the plaintiff. The significant distinguishing feature of that case is the diligence of the plaintiff in *Gates* once she was formally on notice of the 30-day limit of section 2000e–5(f)(1), applicable to actions arising in the private sector. Although, unlike the present action, *Gates*

---

7. 42 U.S.C. § 2000e–16(c) (Supp. III 1973).

was at least belatedly notified officially of her right to sue, and thereupon acted pursuant to that notice, the crucial factor should be the diligence of the plaintiff in light of a knowledge of the necessity to file suit in District Court in order to further pursue the appeal. Carefully restricting its holding to the facts of the case before it, the *Gates* court found that "as a result of the Commission's error, appellee was confused, and under the circumstances, acted with all the diligence and promptness that could be expected." Such was not the case here. Plaintiff may have been confused for awhile, but, particularly after she retained present counsel, she lingered beyond the date when a suit could have been brought with the exercise of reasonable diligence. While the court, under the circumstances, would have considered plaintiff's equitable argument at some earlier time, a delay of five months between August 1974, when her second petition for reconsideration was denied, and January 1975, when this action was filed, is not justifiable on the facts of this case. *See Wong v. Bon Marche,* 508 F.2d 1249 (9th Cir. 1975).

■ Finally, the recent decision of this Circuit in *Hackley v. Roudebush, supra,* underscores the special treatment Congress intended to be accorded the complaints of federal employees under Title VII. 520 F.2d 122–56. Whenever a federal employee raises a claim of discrimination and brings a civil action in District Court, the court now must undertake its consideration through the procedure of trial *de novo* and the preponderance of the evidence test, rather than by review of the administrative record, adhering to the substantial evidence standard.[8] The *Hackley* court found that a trial *de novo* is essential to the careful scrutiny Congress intended for EEO actions, in order to ensure the eradication of discrimination in employment by the federal government. Likewise, the 30-day time limit is integral to the scheme of the Act, as a limited waiver of sovereign immunity in discrimination cases, as well as a supplement to the provision requiring judicial expedition of discrimination disputes. 42 U.S.C. 2000e–5(f). To exempt this case from the procedures of section 2000e–16, which includes the filing limit, flexible in some circumstances, of 30 days, also would be to withhold the right of a trial *de novo* from this plaintiff and from others similarly situated, but who have filed a timely action under section 2000e–16(c). To protect the rights of subsequent complainants whose appeals fall within the ambit of Regulation 713.-236 of Part 713, and whose diligence makes it unnecessary to disclaim the statutory limit of the Act, this court feels compelled to treat Dr. Bramley's appeal under the provisions of section 2000e–16, and, as noted, finds no basis to excuse her failure by a substantial margin to comply with the time requirements of the Act. Therefore, defendants' motion to dismiss is granted.

8. Plaintiff here does not seek a trial *de novo*, but asks the court to decide a question she alleges was ignored by the Commission, or to remand to the Commission with directions to address the issue of on-going sex discrimination. The court would not be inclined to decide the issue at this juncture, absent evidence of intentional neglect on the part of the agency. Following a remand, plaintiff *then* could come back seeking *de novo* review under *Hackley*, despite having circumvented the proper procedures until that point.