**Pamela F. FOWLER**

v.

**COMMONWEALTH OF VIRGINIA et al.**

**Civ. A. No. 77–0551–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 31, 1978.

---

Donald K. Butler, Richmond, Va., for plaintiff.

William H. Hefty, Asst. Atty. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a woman formerly employed by the defendants, who are the Commonwealth of Virginia and the Superintendent of the Department of Education, W. E. Campbell, brings this action under Title VII, of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that defendants engaged in sexually discriminatory practices against her throughout the period of her employment with them. Defendants seek an order of dismissal on the grounds that the Court lacks jurisdiction over the subject matter of this action, primarily on the grounds that the suit was not timely brought, i. e. within 90 days of receipt of a right-to-sue letter from the Attorney General of the United States.

Plaintiff filed a similar action on June 22, 1977. Included in that complaint was the following paragraph:

3. On April 6, 1977, the plaintiff was sent a Notice of Right to Sue by the Equal Employment Opportunity Commission, which notice was received by the plaintiff on or about April 11, 1977. A copy of this Notice of Right to Sue is attached hereto as plaintiff's Exhibit 2.

In fact, no Notice of Right to Sue was attached to the complaint. Moreover, since the suit was filed against a state body, the provision of Title VII found at 42 U.S.C. § 2000e–5(f)(1) plainly predicated the Court's jurisdiction on plaintiff's receipt of a right-to-sue letter from the Attorney General of the United States, not from the Equal Employment Opportunity Commission as plaintiff had alleged. Appropriately, the defendants moved to dismiss the original action for lack of jurisdiction. Plaintiff, though given an opportunity, failed to respond to that motion. On July 27, 1977, acting through Judge Warriner, this Court granted the defendants' motion to dismiss, "without prejudice, however, to plaintiff's right to refile her complaint when and if the statutory jurisdictional requirements are met."

In his memorandum in opposition to the defendants' motion to dismiss in the instant action, counsel for plaintiff asserts that plaintiff had in fact received the Notice of Right to Sue from the Attorney General of the United States prior to the institution of the suit dismissed by Judge Warriner. Counsel acknowledges, however, that he failed to attach a copy of the notice from the Attorney General to the original complaint, and that he compounded this failure by not responding to the original motion to dismiss. Counsel frankly states that when he received defendants' motion to dismiss in the original case he simply assumed, with-

out checking his own files, that he had not secured the appropriate right-to-sue letter. Thereafter, he sought to secure a right-to-sue letter from the Attorney General, who in response to that request pointed out that an appropriate letter had already been dispatched.

Apparently no thought was given by counsel to seeking relief from the July 27 dismissal order by filing a motion for relief from judgment pursuant to the terms of Rule 60(b) of the Federal Rules of Civil Procedure.[1] Instead, though far more than ninety days had elapsed since plaintiff's receipt of her Notice of Right to Sue on April 11, 1977, counsel filed the present action *de novo* on September 20, 1977.

Appropriately, defendants in the instant action seek dismissal of the complaint herein on the grounds that more than ninety days have elapsed since plaintiff's receipt of her Notice of Right to Sue from the Attorney General. Defendants argue, with extensive case support, that the ninety day requirement of 42 U.S.C. § 2000e–5(f)(1) is jurisdictional and cannot be extended by the Court. The relevant language of § 2000e–5(f)(1) reads:

> [T]he Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and *within ninety days after giving of such notice* a civil action may be brought against the respondent named in the charge. [Emphasis added.]

Counsel for plaintiff seeks to overcome § 2000e–5(f)(1) by contending that the defendants have suffered no prejudice by the lapse of time beyond the statutory ninety

day limit and that "it would be an injustice to the plaintiff were she not allowed to maintain her suit."

 The Court is in full accord with counsel's assessment of the equities of the situation, but as a matter of law defendants are entitled to an order granting their motion to dismiss. The ninety day requirement of § 2000e–5(f)(1) is jurisdictional and cannot be extended for equitable reasons. In *EEOC v. Cleveland Mills Co.,* 502 F.2d 153, 156 (4th Cir. 1974), Chief Judge Haynesworth wrote:

> Once the time within which a private [Title VII] action commences to run, it survives for a period of 90 days, after which it is forever extinguished.

In *Stebbins v. Nationwide Mutual Insurance Co.,* 469 F.2d 268, 269 (4th Cir. 1972) (*per curiam*), the United States Court of Appeals for the Fourth Circuit addressed the ninety day limitation by stating:

> Unless tolled on recognized equitable grounds, this time limitation "must be strictly adhered to" and "Remedies for resulting inequities are to be provided by Congress, not the courts."

In the instant case plaintiff does not contend that the running of the ninety day period was ever "tolled on recognized equitable grounds." Moreover, even if the ninety day period had been tolled during the pendency of the original action, which is doubtful, the instant action would still be out of time.[2]

The United States Court of Appeals for the Fourth Circuit is not alone in its holding that the time limits imposed by § 2000e–5 are "jurisdictional" and cannot be extended

---

1. Rule 60(b) reads, in pertinent part:
 > On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken.

The Court expresses no opinion on the likely disposition of such a motion if one is filed in the original suit.

2. The United States Court of Appeals for the Fourth Circuit has also indicated its insistence on strict adherence to the procedural requirements of § 2000e–5 in a recent opinion regarding Title VII actions filed by the EEOC. *See EEOC v. Appalachian Power Co.,* 568 F.2d 354 (4th Cir., 1978).

by the courts. *See, e. g., DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306, 309 (2nd Cir. 1975); *Wong v. Bon Marche,* 508 F.2d 1249, 1250–51 (9th Cir. 1975); *Genovese v. Shell Oil Co.,* 488 F.2d 84, 85 (5th Cir. 1973); *Choate v. Caterpillar Tractor Co.,* 402 F.2d 357, 359 (7th Cir. 1968).

For the reasons heretofore stated, defendants motion must be granted.

An appropriate order will issue.