Anne WEILLS, Plaintiff,

v.

CATERPILLAR TRACTOR
COMPANY, Defendant.

No. C–81–4105 EFL.

United States District Court,
N.D. California.

Nov. 30, 1982.

Dan Siegel, Siegel, Friedman & Dickstein, Oakland, Cal., for plaintiff.

Joe C. Creason, Jr., Michael J. Boylan, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant.

## MEMORANDUM OF DECISION

LYNCH, District Judge.

Plaintiff in this action seeks remedy for defendant's alleged breach of an agreement in settlement of her claim that defendant discriminated against her because of her sex. Subject matter jurisdiction is predicated on 28 U.S.C. §§ 1331(a) and 1343(a)(4). Plaintiff has moved for partial summary judgment; defendant has moved for summary judgment.

The threshold issue raised *sua sponte* by this Court, Fed.R.Civ.P. 12(h)(3), is whether it has federal question jurisdiction over this action, based on an examination of the allegations of the complaint, Fed.R.Civ.P. 8(a). Pursuant to the Court's request, this issue was duly briefed and submitted by the parties.

The complaint in this action, filed October 16, 1981, makes the following recital of the basis of federal jurisdiction:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343(4). This suit arises out of an agreement between the parties to resolve a charge of discrimination filed pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, *et seq.*).

The complaint makes the following recital of plaintiff's Claim for Relief:

5. Plaintiff first applied for employment with Caterpillar on or about July of 1974.

6. After failing to secure employment with Caterpillar, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission on or about April 11, 1975. In her charge, Plaintiff alleged that Caterpillar discriminated against her on the basis of her sex.

7. On or about July 1976, the United States Equal Employment Opportunity Commission issue [sic] a Notice of Right to Sue with respect to the charge filed by Plaintiff.

8. On or about August 1976, Plaintiff and Caterpillar reached an agreement to resolve the charge of discrimination filed by Plaintiff.

9. Pursuant to that agreement, Plaintiff was offered and accepted a job on the first (day) shift at Caterpillar's San Leandro plant.

10. As consideration for Caterpillar's agreement to place Plaintiff in a first shift job, Plaintiff waived all rights to damages, including back pay, and attorney's fees, and agreed to dismiss her EEOC charge and refrain from taking legal action, either individually or as a member of a class, against Caterpillar for sex discrimination in hiring.

11. Caterpillar's agreement to place Plaintiff in a first shift position was of paramount importance to Plaintiff in light of her family responsibilities.

12. In offering Plaintiff a first shift position, Caterpillar indicated that such position was offered and would be made available only when placing and maintaining Plaintiff in a first shift position would not violate the seniority rights of any Caterpillar employee covered by the collective bargaining agreement between Caterpillar and the International Association of Machinists, AFL–CIO, District Lodge No. 115, Local Lodge No. 284.

13. In accepting said first shift position, Plaintiff acknowledged and agreed with Caterpillar's position that her entitlement to said position was subject to the limitation that her placement would not violate the seniority rights of any employee under the collective bargaining agreement referred to above.

14. From September 1976 through January 1981, Caterpillar maintained Plaintiff in a first shift position.

15. On or about January 1981, Plaintiff was laid off from her employment by Caterpillar pursuant to a reduction in force and in accordance with the collec-

tive bargaining agreement referred to above.

16. On or about September 8, 1981, Plaintiff was recalled to her employment by Caterpillar Tractor Company pursuant to said collective bargaining agreement.

17. Since on or about September 8, 1981, Caterpillar has failed and refused to place Plaintiff in a first shift position and instead has required Plaintiff to work second shift (3 p.m. to 11 p.m.) and/or third shift (11 p.m. to 7 a.m.)

18. In refusing to place Plaintiff in a first shift position, Caterpillar has violated its agreement with Plaintiff whereby her charge of discrimination was settled, in that placing Plaintiff in a first shift position would not violate the seniority rights of any employee pursuant to the collective bargaining agreement referred to above.

*Subject Matter Jurisdiction Under 28 U.S.C. § 1343(a)*

Section 1343(a) of Title 28 provides in part:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
. . . .

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a). Presumably, plaintiff has asserted section 1343(a)(4) as a jurisdictional basis because Title VII is an Act of Congress providing for the protection of civil rights and because it gives authorization for a civil action to be commenced:

[W]ithin ninety days after the giving of such notice [by the EEOC of dismissal, intent of the EEOC not to file a civil action, or failure of conciliation] a civil action may be brought against the respondent named in the [EEOC] charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was ag-

grieved by the alleged unlawful employment practice.

42 U.S.C. § 2000e–5(f)(1).

■ By its own terms, however, the authorization in Title VII for commencement of a civil action is limited to a ninety-day period after the statutory notice of right to sue has been given by the EEOC. This ninety-day limitation period has been held to be jurisdictional. *Wong v. The Bon Marche*, 508 F.2d 1249 (9th Cir.1975); accord, *Hinton v. CPC International, Inc.*, 520 F.2d 1312, 1314–16 (8th Cir.1975); *Genovese v. Shell Oil Co.*, 488 F.2d 84, 85 (5th Cir. 1973); *Archuleta v. Duffy's Inc.*, 471 F.2d 33, 34–35 (10th Cir.1973); *Stebbins v. Nationwide Mut. Ins. Co.*, 469 F.2d 268, 269 (4th Cir.1972); *Harris v. National Tea Co.*, 454 F.2d 307, 309 (7th Cir.1971); *Goodman v. City Products Corp.*, 425 F.2d 702 (6th Cir.1970).

As plaintiff's complaint in this action was filed over five years after the EEOC issued a Notice of Right to Sue on or about July 1976, as stated in her complaint, it cannot be said that Title VII authorizes this action to be brought.

*Subject Matter Jurisdiction Under 28 U.S.C. § 1331(a)*

Section 1331(a) of Title 28 provides:

The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States . . . .

28 U.S.C. § 1331(a). The law of the United States under which plaintiff contends this action arises is Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* Although plaintiff does not so specify, the appropriate provisions of Title VII appear to be subsections 2000e–2(a) and 2000e–5(f). Among other prohibitions, the former prohibits discrimination by an employer on the basis of sex. *Id.* § 2000e–2(a). The latter establishes civil enforcement procedures. *Id.* § 2000e–5(f)(1).

To the extent that plaintiff relies on the enforcement provisions of Title VII as the basis of section 1331(a) "arising under" federal subject matter jurisdiction, her complaint suffers the same jurisdictional defect that this Court has concluded disqualifies section 1343(a) as a jurisdictional footing. That is, as the enforcement provisions require a civil action to be brought within ninety days after the giving of a notice of right to sue by the EEOC, this action is time-barred for purposes of "arising under" section 2000e–5(f)(1).

The remaining jurisdictional issue this Court must address is therefore whether an action can be interpreted as "arising under" Title VII's direct command to employers not to discriminate when the action is brought by a private individual to enforce a settlement agreement reached after the individual received a statutory notice of the right to sue but before the individual filed suit on the discrimination charge in a federal district court.

In *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), the Supreme Court stated:

> How and when a case arises "under the Constitution or laws of the United States" has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.

*Id.* at 112, 57 S.Ct. at 97 (citations omitted).

In *Keaukaha-Panaewa Com. v. Hawaiian Homes Com'n,* 588 F.2d 1216 (9th Cir.1978), the Ninth Circuit reviewed the language of *Gully* and other decisions of the Supreme Court on the issue of whether a particular case arises under federal law and noted that the cases "do not fit snugly into a single, logical mosaic." 588 F.2d at 1225. In considering the problem, however, the Ninth Circuit noted:

Perhaps the most thoughtful distillation was developed by Professor Paul Mishkin when he concluded that original federal jurisdiction requires "a substantial claim founded 'directly' upon federal law." Mishkin, *The Federal "Question" in the District Courts,* 53 Col.L.Rev. 157, 165, 168 (1953).

588 F.2d at 1225.

In *Town of Greenhorn v. Baker County, Oregon,* 596 F.2d 349 (9th Cir.1979), the Ninth Circuit applied this concept of a direct connection between the federal law and the plaintiff's claim to a case essentially involving conflicting claims to land where claimants sued as beneficiaries of a trust established under the Townsite Act, 43 U.S.C. § 718. Even though the claimants' rights as beneficiaries originated under an act of Congress because the trust was created pursuant to federal law, the issues raised involved questions traditionally relegated to state law—that is, the validity of a deed and the administration of a trust. As such, they had "lost their federal nature." 596 F.2d at 353. There was no federal subject matter jurisdiction because the rights plaintiffs sought to vindicate did not arise directly under federal law.

With these precepts in mind, this Court has reviewed the complaint and concluded that the right plaintiff seeks to vindicate in this action does not arise directly under federal law.

The complaint filed in this action does not allege that after the 1981 recall plaintiff was denied a first shift assignment because of her sex. Rather, the complaint simply alleges that the 1981 recall assignment to a second shift position was in violation of the 1976 agreement reached between plaintiff and defendant Caterpillar Tractor Company. Thus, the right asserted by plaintiff is not a right embodied in Title VII's direct command to Caterpillar Tractor Company not to discriminate against plaintiff because of her sex. *See EEOC v. Liberty Trucking Co.,* 528 F.Supp. 610, 615 (W.D.Wis.1981) (no federal subject matter jurisdiction to

enforce EEOC conciliation agreements). Plaintiff's rights derived from Title VII lost their federal nature when they became embodied in the settlement contract. The issues raised by this action focus on the parties' intent and understanding of the rights created by that settlement agreement, not a right that will be supported or defeated depending on the construction or effect given Title VII.

Accordingly, the action is dismissed for lack of federal subject matter jurisdiction.

IT IS SO ORDERED.