**Galal DIMETRY, Plaintiff,**

v.

**DEPARTMENT OF the UNITED STATES ARMY, et al.,
Defendants.**

**No. 85–16–CIV–3.**

United States District Court,
E.D. North Carolina,
Fayetteville Division.

Sept. 25, 1985.

Ronald D. McSwain, Carter & McSwain, Fayetteville, N.C., for plaintiff.

Stephen A. West, Asst. U.S. Atty., Raleigh, N.C., Richard O. Hatch, Office of the Judge Advocate General, Dept. of the Army, Washington, D.C., for defendants.

## ORDER

BRITT, Chief Judge.

Plaintiff, a former civilian employee of the Department of the Army, brings this action alleging that his removal from federal employment was based on religious and ethnic discrimination. *See* 42 U.S.C. § 2000e–16. The Equal Employment Opportunity Commission (EEOC) found that plaintiff had not been discriminated against, and plaintiff received notice of the EEOC's decision on 14 January 1985. The notice advised plaintiff that he had "the right to file a civil action on the Title VII claim in the appropriate U.S. District Court within thirty (30) days of the date of receipt of this decision." Plaintiff filed this action on 14 February 1985, *thirty-one (31)* days after he received the EEOC's notice of final decision. This action is before the court on the defendants' motion to dismiss. The court finds that plaintiff's complaint was not timely filed and, therefore, must be dismissed.

■ Plaintiff first argues that Rule 6(e) should be construed to add three days to the statutory thirty-day period. *See* Fed.R. Civ.P. 6(e). There is no merit to this argument. Rule 6(e) only applies when service is by mail and must be understood in light of Rule 5(b) which provides that "[s]ervice by mail is complete upon mailing." *See* Fed.R.Civ.P. 5(b). In this case, however, the thirty-day time period commences upon *receipt* of the right-to-sue notice. *See* 42 U.S.C. § 2000e–16(c) (emphasis added). Therefore, plaintiff is not entitled to three extra days for mailing. *See Norris v. Florida Department of Health and Rehabilitation Services*, 730 F.2d 682 (11th Cir. 1984).

■ Plaintiff also argues that the filing deadline is not jurisdictional and that the court can "toll" the deadline because of equitable considerations. Specifically, plaintiff contends that his former attorney told him that 14 February 1985 was the deadline for filing his complaint. When plaintiff consulted his present attorney he did not have the right-to-sue letter with him, so he informed his present attorney what he had been told. The actual deadline, of course, was 13 February 1985.

■ Although there is substantial disagreement among the circuits, it does appear that the Fourth Circuit would consider invoking equitable tolling in Title VII actions brought against *private* employers. *See Stebbins v. Nationwide Mutual Insurance*, 469 F.2d 268 (4th Cir.1972), *cert. denied*, 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973). In actions against the *federal government*, however, equitable

tolling is inappropriate absent a clear waiver of sovereign immunity. *See Sims v. Heckler,* 725 F.2d 1143, 1145 (7th Cir.1984). Furthermore, equitable tolling is not appropriate where the failure to timely file was allegedly caused by the plaintiff's reliance on the advice of counsel. *See Genovese v. Shell Oil Co.,* 488 F.2d 84 (5th Cir.1973).

For the reasons stated herein, the defendants' motion to dismiss is granted.