**Ruth W. WOODS, Plaintiff,**

v.

**DENVER DEPARTMENT OF REVENUE, TREASURY DIVISION, and The City and County of Denver, Defendants.**

Civ. A. No. 91–K–60.

United States District Court, D. Colorado.

April 15, 1993.

Paul Baca, Denver, CO, for plaintiff.

J. Wallace Wortham, Jr., Asst. City Atty., Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This matter is before me on Defendants' motion for summary judgment. Plaintiff Ruth W. Woods asserts two claims in this lawsuit: one for sexual discrimination under Title VII and the other for age discrimination under the Age Discrimination in Employment Act (ADEA). Defendants argue that these claims are barred by the statute of limitations and that Plaintiff has failed to make out a prima facie case of sex or age discrimination. I grant the motion as to Plaintiff's Title VII claim but deny it as to her ADEA claim.

### I. *Facts.*

The following facts are undisputed. Plaintiff was employed as an account clerk with the Department of Revenue of the City and County of Denver from 1971 to 1988. She received average or above average performance evaluations until 1983. That year, her supervisors changed after a new mayor was elected. Plaintiff began receiving negative evaluations, leading to her termination on January 20, 1988.

Plaintiff alleges her termination was based on her sex, age, and in retaliation for having filed grievances against her supervisors and charges with the Equal Employment Opportunity Commission (EEOC). She received her right-to-sue letter from the EEOC on July 17, 1989 and filed a complaint in federal district court on October 13, 1989. On May 25, 1990, Plaintiff stipulated to the dismissal of that action without prejudice. She instituted this lawsuit on January 11, 1991.

### II. *Merits.*

#### A. *Sexual Discrimination Claim.*

■ Plaintiff alleges she was terminated because of her sex and in retaliation for filing charges with the EEOC, both in violation of Title VII. *See* 42 U.S.C. § 2000e–2, 2000e–3. Under this statute, a plaintiff must file a federal lawsuit within 90 days after receiving notice of the right to sue from the EEOC. *Id.* § 2000e–5(f)(1); *Brown v. Hartshorne Public School Dist. No. 1,* 926 F.2d 959, 961 (10th Cir.1991). Defendants assert that this action is untimely because it was commenced more than seventeen months after Plaintiff's receipt of her right to sue letter and because the statute of limitations continued to run during her earlier lawsuit. *See Id.* at 961 ("[T]he filing of a complaint that is dismissed without prejudice does not toll the statutory filing period under Title VII.") Plaintiff does not dispute this, but argues that the limitations period should be equitably tolled because she misunderstood the effect of the dismissal of her first action.

■ The statute of limitations set forth in 42 U.S.C. § 2000e–5(f)(1) is not jurisdictional and is subject to the doctrine of equitable tolling. *Scheerer v. Rose State College,* 950 F.2d 661, 665 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992). Under this doctrine, a plaintiff will be excused from failing to file within the statute of limitations if she was "actively misled" by her past employer, state or federal agencies or the courts or if extraordinary circumstances otherwise prevent-

ed her from filing. *See Johnson v. U.S. Postal Service*, 861 F.2d 1475, 1480–81 (10th Cir.1988) (reviewing Tenth Circuit case law), *cert. denied*, 493 U.S. 811, 110 S.Ct. 54, 107 L.Ed.2d 23 (1989). Here, Plaintiff argues that when she stipulated to the dismissal of her first lawsuit, her attorney indicated that she could refile it. She maintains that it would have been illogical for the court to have dismissed the action without prejudice if there was no chance for her to have brought her claims in the future.

■ These circumstances do not support application of the doctrine of equitable tolling. First, reliance on the advice of counsel, even bad advice, is not grounds to invoke the doctrine. *See, e.g., Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir.1987); *Dimetry v. Department of U.S. Army*, 637 F.Supp. 269, 271 (E.D.N.C.1985); *Ladson v. New York City Police Dept.*, 614 F.Supp. 878, 879 (S.D.N.Y.1985); *Sprott v. Avon Prods., Inc.*, 596 F.Supp. 178, 183 (S.D.N.Y.1984). For the doctrine to apply, a plaintiff must have received the misleading information from the defendant, a government agency or the court.

■ Second, the court's dismissal of Plaintiff's first action without prejudice was not affirmatively misleading. When the first action was dismissed, Plaintiff's ADEA claims were still timely. Consequently, it was not illogical of the court to have dismissed the action without prejudice. Furthermore, the court made no statement that the limitations period would be tolled until Plaintiff found a new attorney; it simply made the ministerial notation that the dismissal was without prejudice. *Compare Jesus Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857 (10th Cir.1983) (clerk told plaintiff who filed ineffective right-to-sue letter that limitations period would be tolled until he obtained counsel); *Carlile v. South Routt School Dist. RE 3–J*, 652 F.2d 981 (10th Cir.1981) (district court informed plaintiff that action would be considered commenced upon filing of petition for in forma pauperis status). Plaintiff had the responsibility to determine the legal effect of that dismissal.

Because the doctrine of equitable tolling does not apply, Plaintiff's Title VII claim is barred by the statute of limitations. Therefore, I need not consider Defendants' argument that Plaintiff failed to make out a prima facie case on this claim.

**B.** *Age Discrimination Claim.*

1. *Statute of Limitations.*

■ Plaintiff also alleges a claim for age discrimination and retaliation under the ADEA. *See* 29 U.S.C. § 623. The ADEA adopts as its statute of limitations the filing requirements of the Portal-to-Portal Act. *See* 29 U.S.C. § 626(e). Under the Portal-to-Portal Act, an action must be commenced "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Plaintiff concedes that her ADEA claim is barred by the two-year filing period unless she can establish that Defendants' conduct was "willful," thereby bringing her claim within the three-year period. Defendants argue that she has not met this burden.

In *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), the Supreme Court outlined the test to be applied to determine whether an employer's alleged violation of the Portal-to-Portal Act was "willful" for the purposes of the extended statute of limitations. Under *McLaughlin*, the employee must show that her employer either knew or showed reckless disregard that its conduct was prohibited by the statute. *See id.* at 133–35, 108 S.Ct. at 1681–83 (applying standard of willfulness adopted in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128, 105 S.Ct. 613, 625, 83 L.Ed.2d 523 (1985)). In ADEA cases, the Tenth Circuit has interpreted this test as requiring the plaintiff to show that age was the predominant factor in the employer's actions. *See Acrey v. American Sheep Indus. Ass'n*, 981 F.2d 1569, 1577 (10th Cir.1992). " '[W]illfulness is a factual question requiring an examination of an employer's "state of mind, knowledge, intent and belief regarding the propriety of its actions." ' " *Harter v. GAF Corp.*, 967 F.2d 846, 851–52 (3d Cir.1992). Therefore, a ma-

terial issue of fact whether an employer's conduct was "willful" precludes summary judgment on a employer's defense that an ADEA action is barred by the two-year statute of limitations. *See id.; Shager v. Upjohn Co.*, 913 F.2d 398, 405–06 (7th Cir.1990).

■ In this case, Plaintiff alleges that Defendant City and County of Denver instituted an early retirement incentive program to encourage older employees to leave their employment, thereby relieving the City from some of its payroll and budgetary problems. (Compl. ¶ 10; Affid. Ruth Woods, ¶ 5.) She states that her supervisors emphasized that all employees over 55 years of age would be required to retire, even though the program was, in fact, voluntary. (Affid. Ruth Woods, ¶ 6.) Furthermore, she claims that Defendants began a campaign to give older employees poor performance evaluations to justify their planned decision to terminate them. (Compl. ¶ 12). She states that she was told by supervisors that "we're going to get rid of you," and that when asked why, they compared her unfavorably to a younger female employee. (Affid. Ruth Woods, ¶ 7.) Finally, she alleges that "the actions of [her] supervisors ... were intentional, willful, and were motivated by ill will and prejudice towards [her] because of her sex, age and in retaliation for her filing of the formal charge of discrimination...." (Compl. ¶ 16.).

Although Defendants contend that Plaintiff's termination was justified by her poor performance, a rational jury could conclude that age was the predominant factor in the Defendants' decision to terminate Plaintiff. This factual dispute requires me to deny summary judgment on Plaintiff's ADEA claim on statute of limitations grounds. *See Russo v. Trifari, Krussman & Fishel, Inc.*, 837 F.2d 40, 44–45 (2d Cir.1988).

2. *Prima Facie Claim of Age Discrimination.*

Defendants also argue that Plaintiff has not made out a prima facie case of age discrimination. An ADEA plaintiff makes out a prima facie case by showing "(1) she was within the protected age group, (2) she was doing satisfactory work, (3) she was discharged, and (4) her position was filled by a younger person." *McDonald v. Eastern Wyo. Mental Health Ctr.*, 941 F.2d 1115, 1119 (10th Cir.1991). Defendants argue that Plaintiff cannot establish the second element, that she performed satisfactory work and was qualified for her position.

Although Defendants point to the termination letter detailing the many areas in which Plaintiff's performance was deficient, there is sufficient evidence upon which a reasonable jury could conclude that Defendants' poor evaluations of Plaintiff were a pretext for age discrimination. Plaintiff had good performance ratings for many years until the change in City administration. At least one (and possibly two) unsatisfactory ratings given by her new supervisors were upgraded after Plaintiff challenged them through internal grievance procedures. This evidence is consistent with Plaintiff's theory that her poor evaluations were motivated by Defendants' desire to eliminate older workers to reduce payroll expenses or were in retaliation for Plaintiff's filing grievance and EEOC proceedings. On this record, genuine issues of material fact concerning Plaintiff's work performance preclude summary judgment on her ADEA claim. *See* Fed.R.Civ.P. 56(c). Accordingly,

IT IS ORDERED THAT Defendants' motion for summary judgment is GRANTED as to Plaintiff's Title VII claim and DENIED as to her ADEA claim.